UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| STEVEN L. DAVIS,<br><br>   Plaintiff,<br><br> vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>   Defendant | CASE NO.<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Steven L. Davis ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Portfolio Recovery Associates, LLC ("Defendant") as follows:

### INTRODUCTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the FDCPA and 28 U.S.C. §1331 and 1337.

3. Venue is proper in this Court as Defendant conducts business in the Middle District of Florida, Plaintiff resides in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer and natural adult person who, at all times relevant, is a consumer as defined in 15 U.S.C. §1692a(3).

5. Defendant is a debt collection agency incorporated in Delaware. Defendant's primary purpose is collecting or attempting to collect defaulted consumer debts. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed to others using the mail and/or telephone, including consumers in the State of Florida.

## FACTUAL ALLEGATIONS

6. Many years ago, Plaintiff and his wife were unable to pay a debt allegedly owed for a Sam's Club credit card.

7. At some time prior to July 21, 2020, Defendant acquired the right to collect the outstanding balance.

8. When Defendant acquired the right to collect the alleged debt, the alleged debt was in default.

9. On July 21, 2020, Defendant sent a collection letter to Plaintiff demanding payment of the Sam's Club debt. *See* attached Exhibit A, a true and correct copy of the collection letter sent by Defendant to Plaintiff ("Collection Letter"). The letter stated that Plaintiff owed a balance of $4,998.56. *Id.*

10. Additionally, under the heading "Choose a savings plan that works for you," the letter states Plaintiff can either a) "Pay 1 payment of $1,999.42," b) "Pay 12 consecutive monthly payments of $187.45 [a total of $2,249.40]," or c) "Pay 24 consecutive monthly payments of $104.14 [a total of $2,499.36]." *Id.*

11. Regardless of whether Plaintiff chooses the first, second, or third payment plan, the letter states that his "first payment must be received by: 08/24/2020". *See id.*

12. When Plaintiff received and read the letter, he was taken aback. He did not know why Defendant was demanding thousands of dollars for a very old debt that, he believed, was not even his, but his late wife's.

13. Near the bottom of the letter, Defendant places a paragraph stating:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

14. Notably absent are statements that Defendant *cannot* sue Plaintiff to collect the debt (because the applicable statute of limitations had run) and what specific, "certain actions" of Plaintiff's could restart the statute of limitations under Florida law. *See id.*

15. These omissions, coupled with Defendant's demands for payment of a time-barred debt throughout the letter, misled Plaintiff, an unsophisticated consumer, to think the time-barred debt *may* still be legally enforceable and/or that certain actions of his may make the debt enforceable.

16. Defendant's letter confused, angered, and distressed Plaintiff.

17. Defendant's misleading and unfair technique is designed to force unsophisticated consumers, such as Plaintiff, to pay the subject debt.

## DAMAGES

18. Defendant's illegal and malicious conduct has affected Plaintiff's daily life and general well being.

19. Plaintiff has expended time consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced by Defendant's illegal attempts to collect the subject debt.

21. Defendant's illegal activities have caused Plaintiff emotional distress, anxiety, monetary losses, and loss of concentration.

## COUNT I
### Violations of FDCPA §1692e

22. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. Similarly, § 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

24. Section 1692e(2)(A) prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

25. Finally, § 1692e(5) prohibits debt collectors from threatening to take any action that cannot legally be taken.

26. Defendant violated 15 U.S.C. §§ 1692e, e(10), e(2)(A), and e(5) when it sent the collection letter to Plaintiff for a debt that was time-barred under Florida law, misleading and deceiving Plaintiff into believing that he had no option but to immediately pay the subject debt by the deadline given in the letter.

## COUNT II
### Violation of FDCPA §1692f

27. Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

28.     Defendant violated 15 U.S.C. §1692f when it sent the collection letter to Plaintiff for a debt that was time-barred under Florida law, unfairly leading Plaintiff to believe that he had no option but to immediately pay the subject debt by the deadline given in the letter.

**WHEREFORE**, Plaintiff STEVEN L. DAVIS respectfully requests that this Honorable Court:

1.     Declare that Defendant's practices complained of violate the FDCPA;

2.     Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

3.      Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

4.     Award any other relief this Honorable Court deems just and equitable.

**Plaintiff demands trial by jury.**

DATED:  September 22, 2020          Respectfully Submitted,

**Recovery Law Group, APC**
P.O. Box 518
Sarasota, FL 34230
(941) 266-6092

*/s/ C. Ryan Violette*
**C. Ryan Violette**
Florida Bar No. 071018
Counsel for Plaintiff
Ryan@RecoveryLawGroup.com
Litigation@RecoveryLawGroup.com